UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:10-cv-294

| | | |
|---|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida non-profit corporation, and DENISE PAYNE, Individually, Plaintiffs, vs. FLAGLER HOLDINGS NORTH CAROLINA, INC., a North Carolina corporation, d/b/a Glenwood Square, Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | ANSWER |

Defendant, FLAGLER HOLDINGS NORTH CAROLINA, INC. ("Flagler Holdings"), a North Carolina corporation, d/b/a Glenwood Square, by and through counsel, responds to the allegations contained in Plaintiffs' Complaint as follows:

**FIRST DEFENSE**

Defendant responds to the individually numbered paragraphs contained in Plaintiffs' Complaint as follows:

1. It is admitted that this Court has jurisdiction over claims of this nature pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12181, *et seq*. These statutes are in writing and speak for themselves. Except as admitted herein, the remaining allegations contained in Paragraph No. 1 of Plaintiffs' Complaint are denied.

2. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph No. 2 of Plaintiffs' Complaint, and, therefore, the same are denied.

3. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph No. 3 of Plaintiffs' Complaint, and, therefore, the same are denied.

4. It is admitted that Flagler Holdings owns property known as Glenwood Square shopping center. Except as admitted herein, the remaining allegations contained in Paragraph No. 4 of Plaintiffs' Complaint are denied.

5. Admitted.

6. The Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., is in writing and speaks for itself. The allegations contained in Paragraph No. 6 of Plaintiffs' Complaint do not require a response. To the extent a response is required, denied.

7. The Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., is in writing and speaks for itself. The allegations contained in Paragraph No. 7 of Plaintiffs' Complaint call for legal conclusions, and do not require a response. To the extent a response is required, denied.

8. Any and all allegations of discrimination by Defendant against Plaintiffs are specifically denied. Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph No. 8 of Plaintiffs' Complaint, and, therefore, the same are denied.

9. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in the first three sentences of Paragraph No. 9 of Plaintiffs' Complaint, and, therefore, the same are denied. The remaining allegations contained in Paragraph No. 9 are denied.

10. The allegations contained in Paragraph No. 10 of Plaintiffs' Complaint call for legal conclusions to which no response is required. Any and all allegations of discrimination by

Defendant against Plaintiffs are specifically denied. The allegations contained in the subsections (a) through (g) of Paragraph No. 10 of Plaintiffs' Complaint are so vague and poorly defined that Defendant is forced to speculate as to their meaning. Therefore, except as specifically admitted herein, the remaining allegations contained in Paragraph No. 10, including all subsections, of Plaintiffs' Complaint are denied.

11. The allegations contained in Paragraph No. 11 of Plaintiffs' Complaint call for legal conclusions to which no response is required. To the extent a response may be required, the allegations of discrimination and/or failure to meet certain standards by Defendant as contained in Paragraph No. 11 of Plaintiffs' Complaint are denied.

12. The allegations contained in paragraph 12 of Plaintiffs' Complaint call for legal conclusions to which no response is required. Further, Defendant is without sufficient information to form a belief as to the truth of many of the allegations contained in Paragraph No. 12 of Plaintiffs' Complaint, and, therefore, the same are denied. To the extent a response may be required to the remaining allegations of Paragraph No. 12 of Plaintiff's Complaint, the same are denied.

13. The allegations contained in paragraph 1 of Plaintiffs' Complaint call for legal conclusions to which no response is required. Further, Defendant is without sufficient information to form a belief as to the truth of many of the allegations contained in Paragraph No. 13 of Plaintiffs' Complaint, and, therefore, the same are denied. To the extent a response may be required to the remaining allegations of Paragraph No. 13 of Plaintiff's Complaint, the same are denied.

14. It is admitted that Flagler Holdings owns property known as Glenwood Square shopping center. It is further admitted that the ADA, 28 C.F.R. §§ 36.201(a) and 36.104 are in

writing and speak for themselves. Except as admitted herein, the remaining allegations contained in Paragraph No. 14 of Plaintiffs' Complaint are denied.

15. Denied.

16. The allegations contained in Paragraph No. 16 of Plaintiffs' Complaint call for legal conclusions to which no response is required. To the extent a response may be required, it is admitted that 42 U.S.C. § 12182, *et seq*. is in writing and speaks for itself. Any and all allegations of discrimination by Defendant against Plaintiffs are specifically denied.

17. The allegations contained in Paragraph No. 17 of Plaintiffs' Complaint call for legal conclusions to which no response is required. Any and all allegations of discrimination by Defendant against Plaintiffs are specifically denied. The allegations contained in the subsections of Paragraph No. 17 of Plaintiffs' Complaint denoted "Parking," "Entrance Access and Path of Travel," "Access to Goods and Services," "Restrooms," and "Policies and Procedures," are so vague and poorly defined that Defendant is forced to speculate as to their meaning. Therefore, except as specifically admitted herein, the remaining allegations contained in Paragraph No. 17, including all subsections, of Plaintiffs' Complaint are denied.

18. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph No. 18 of Plaintiffs' Complaint, and, therefore, the same are denied.

19. The allegations contained in Paragraph No. 19 of Plaintiffs' Complaint call for legal conclusions to which no response is required. Any and all allegations of discrimination by Defendant against Plaintiffs are specifically denied. Many of the allegations contained in Paragraph Nos. 10, 17 and 19 of Plaintiffs' Complaint are so vague and poorly defined that Defendant is forced

to speculate as to their meaning. Therefore, except as otherwise qualified herein, the allegations contained in Paragraph No. 19 of Plaintiffs' Complaint are denied.

20. It is admitted that 42 U.S.C. § 12181, *et seq.* and 28 C.F.R. § 36.302, *et seq.* are in writing and speak for themselves. Any and all allegations of discrimination by Defendant against Plaintiffs are specifically denied. Many of the allegations contained in Paragraph No. 20 of Plaintiffs' Complaint are so vague and poorly defined that Defendant is forced to speculate as to their meaning. Therefore, except as otherwise qualified herein, the allegations contained in Paragraph No. 20 of Plaintiffs' Complaint are denied.

21. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph No. 21 of Plaintiffs' Complaint, and, therefore, the same are denied.

22. 42 U.S.C. § 12205 and 28 C.F.R. § 36.505 are in writing and speak for themselves. The allegations contained in Paragraph No. 22 of Plaintiffs' Complaint call for legal conclusions to which no response is required. To the extent a response may be required, the allegations of Paragraph No. 22 are denied.

23. The allegations contained in Paragraph No. 23 of Plaintiffs' Complaint call for legal conclusions to which no response is required. To the extent that a response may be required, it is admitted that 28 C.F.R. § 36.304(a), 36.402 and 36.401 are in writing and speak for themselves. Except as admitted herein, the remaining allegations contained in Paragraph No. 23 of Plaintiffs' Complaint are denied.

24. Denied.

25. It is admitted that, as with any regulation or law, Defendant acknowledges and

appreciates its responsibility to make a good faith effort to comply with the various provisions of the ADA. However, many of the allegations contained in Paragraph No. 25 of Plaintiffs' Complaint are so vague and unintelligible that Defendant is forced to speculate as to their meaning. In any event, the statements do not appear to require any response from Defendant, and, therefore, except as otherwise qualified herein, the allegations contained in Paragraph No. 25 of Plaintiffs' Complaint are denied.

26. It is admitted that 42 U.S.C. § 12188 is in writing and speaks for itself. The allegations contained in Paragraph No. 26 of Plaintiffs' Complaint call for legal conclusions to which no response is required. To the extent a response may be required, the allegations of Paragraph No. 26 are denied.

**DEFENDANT GENERALLY DENIES EACH AND EVERY ALLEGATION CONTAINED IN THE COMPLAINT NOT HEREINBEFORE SPECIFICALLY ADMITTED, DENIED OR OTHERWISE QUALIFIED.**

### SECOND DEFENSE

Plaintiffs lack standing to bring this action, and each of their claims for relief should be dismissed and/or denied.

### THIRD DEFENSE

The modifications to Glenwood Square demanded by Plaintiffs are not readily achievable, or are not required.

### FOURTH DEFENSE

Plaintiffs have demanded alterations to Glenwood Square premises that would create an undue hardship on Defendant, or that would threaten the health or safety of Plaintiffs or others.

**FIFTH DEFENSE**

Prior to the institution of this action, Defendant had already taken measures to remove any existing barriers as contemplated under 28 C.F.R. § 36.304 to the extent the removal of barriers were readily achievable, and Plaintiffs are not entitled to an injunction or attorneys fees.

**SIXTH DEFENSE**

To the extent any architectural barriers exist, they are merely technical violations within acceptable conventional building industry tolerances for conditions at Glenwood Square, and, when taken as a whole, are compliant with the Americans with Disabilities Act and its implementing regulations.

**SEVENTH DEFENSE**

To the extent any architectural barriers exist, they have already been remedied and/or removed and the issues are now moot and Glenwood Square is compliant with the Americans with Disabilities Act and its implementing regulations.

**EIGHTH DEFENSE**

To the extent that the demanded alterations are not readily achievable as defined by the Americans with Disabilities Act, Defendant shall only be required to make Glenwood Square accessible through alternative methods that are readily achievable.

**NINTH DEFENSE**

To the extent that the demanded alterations to its policies, practices and procedures would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations of Glenwood Square, Defendant is not required to make such alterations.

### TENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, release and/or latches.

### ELEVENTH DEFENSE

The Complaint fails to state a claim upon which relief should be granted.

### TWELFTH DEFENSE

Glenwood Square was constructed prior to January 26, 1992 and has not been altered as that term is defined in Title III of the Americans with Disabilities Act.

### THIRTEENTH DEFENSE

Plaintiffs have demanded alterations that would result in significant loss of accommodation and/or serving space, and, therefore, such alterations are not readily achievable.

### FOURTEENTH DEFENSE

Plaintiffs have demanded alterations that would require Defendant to fundamentally alter the way it provides its services or would result in an undue burden.

### FIFTEENTH DEFENSE

Plaintiff's' Complaint may be barred in whole or in part by the applicable statute of limitations period. Specifically, Plaintiffs have not asserted the alleged violations occurred or that Plaintiffs discovered such violations within the applicable statute of limitations found in the Americans with Disabilities Act.

### SIXTEENTH DEFENSE

Defendant's actions in owning, operating or leasing Glenwood Square are conducted in good faith and Defendant has made a good faith effort and attempt to comply with the Americans with Disabilities Act.

## SEVENTEENTH DEFENSE

Defendant reserves the right to amend its Answer to add additional or other affirmative defenses, to delete or withdraw affirmative defenses, or to add counterclaims as may become necessary after reasonable opportunity for appropriate discovery.

WHEREFORE, Defendant respectfully prays the Court as follows:

1. That any and all relief sought by Plaintiffs be dismissed and/or denied;

2. That Plaintiffs have and recover nothing from Defendant;

3. That the costs of this action be taxed against the Plaintiffs; and

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 12th day of August, 2010.

    /s/ W. John Cathcart, Jr.
W. John Cathcart, Jr.
NC State Bar No.: 28255
*Attorney for Defendant*
Brown, Crump, Vanore & Tierney, L.L.P.
Post Office Box 1729
Raleigh, NC 27602
Telephone: 919-835-0909
Facsimile: 919-835-0915
Email: jcathcart@bcvtlaw.com

9

Case 5:10-cv-00294-D   Document 4   Filed 08/12/10   Page 9 of 10

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was served upon counsel for all parties by ( ) Federal Express; ( ) Hand Delivery; ( ) Facsimile; (✓) United States Mail, first class postage prepaid, addressed as follows:

JY London
The Law Offices of JY London, Esq., P.A.
7904 Harding Avenue, #A-2
Miami Beach, FL 33141
Ph:     704-248-2827
Email: Scooterlaw@gmail.com
*Attorney for Plaintiffs*


This 12th day of August, 2010.

    /s/ W. John Cathcart, Jr.
W. John Cathcart, Jr.
NC State Bar No.: 28255
*Attorney for Defendant*
Brown, Crump, Vanore & Tierney, L.L.P.
Post Office Box 1729
Raleigh, NC 27602
Telephone: 919-835-0909
Facsimile: 919-835-0915
Email: jcathcart@bcvtlaw.com