IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-294-D

| | |
|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., and DENISE PAYNE, <br><br> Plaintiffs, <br><br> v. <br><br> FLAGLER HOLDINGS NORTH CAROLINA, INC., <br><br> Defendant. | ORDER |

On July 23, 2010, National Alliance for Accessibility, Inc. ("National Alliance") and Denise Payne ("Payne") (collectively, "plaintiffs"), filed suit under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–12189 [D.E. 1]. Plaintiffs name Flagler Holdings North Carolina, Inc., ("Flagler" or "defendant") as defendant and seek injunctive relief. On May 5, 2011, Flagler filed a motion to dismiss plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that plaintiffs lack standing [D.E. 15]. On June 14, 2011, plaintiffs responded in opposition [D.E. 18–19]. As explained below, plaintiffs' complaint is dismissed.

Payne is a resident of Florida. Compl. ¶ 2; see Nat'l Alliance v. Waffle House, Inc., No. 5:10-CV-385-D, [D.E. 27] (E.D.N.C. June 2, 2011) (hereinafter "Payne Affidavit").[1] Payne has cerebral palsy, which renders her paralyzed from the waist down and unable to use her arms and

---

[1] Plaintiffs' memorandum references an affidavit from Payne, but plaintiffs failed to attach Payne's affidavit. See Pl.'s Mem. Opp'n Mot. Dismiss 5–7. The court notes that Payne has submitted virtually identical affidavits in two other cases filed in this district. See Nat'l Alliance v. Waffle House, Inc., No. 5:10-CV-375-FL, [D.E. 30-1] (E.D.N.C. June 3, 2011); Nat'l Alliance, No. 5:10-CV-385-D, [D.E. 27] (E.D.N.C. June 2, 2011).

hands to grasp objects. Compl. ¶ 8. National Alliance is a Florida non-profit corporation, based in Fort Lauderdale, Florida, which works to ensure that places of public accommodation are accessible to its disabled members. Id. ¶¶ 3, 9. Payne is a co-founder of National Alliance and occasionally travels to North Carolina for business relating to National Alliance. See id. ¶¶ 8–9; Payne Aff. ¶¶ 3–4. On an unspecified date, Payne traveled to North Carolina and visited defendant's Glenwood Square Shopping Center, located at 1200 Raleigh Road, Chapel Hill, NC 27517 ("the property"). See Compl. ¶¶ 4, 9–10; Def.'s Mem. Supp. Mot. Dismiss 1. At the property, Payne alleges that she discovered various violations of the ADA, including improperly designated handicapped parking spaces, inaccessible routes from the parking area to stores on the property, and interior spaces (such as restrooms) that do not meet ADA requirements. Compl. ¶¶ 10, 17. Payne alleges that these violations discriminate against her, but asserts that she would like to return in the future if the barriers to access are removed. Id. ¶ 8.

Plaintiffs filed suit in the Eastern District of North Carolina, alleging that defendant's property is "a shopping center called Glenwood Square located at 1200–1281 Raleigh Road, Raleigh, [North Carolina] 27517, in Wake County." Compl. ¶¶ 4, 14. Plaintiffs assert that venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2), because defendant's property is located in the Eastern District of North Carolina. Compl. ¶ 5.

Section 1391(b) provides:

> A civil action . . . not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). As noted, plaintiffs allege that defendant's property is located in Wake County.

2

However, the court takes judicial notice of the fact that defendant's property is located in Chapel Hill, North Carolina, which is in Orange County. See Fed. R. Evid. 201. Orange County is located in the Middle District of North Carolina. See 28 U.S.C. § 113(b). Thus, venue is improper under 28 U.S.C. § 1391(b)(2). Moreover, plaintiffs have made no allegation that Flagler resides in the Eastern District of North Carolina. See 28 U.S.C. § 1391(b)(1). Therefore, venue is not proper in this district.

When venue is improper, a district court shall dismiss the action or, if it is in the interest of justice, transfer the action. See 28 U.S.C. § 1406(a). The court does not find transfer to be in the interest of justice. See Nat'l Alliance, No. 5:10-CV-385-D, [D.E. 52] slip op. at 3–5 (E.D.N.C. Sept. 29, 2011); Nat'l Alliance v. Waffle House, Inc., No. 5:10-CV-375-FL, 2011 WL 2580679, at *2–3 (E.D.N.C. June 29, 2011) (unpublished) (concluding that plaintiffs lack standing); Hackos v. Sparks, 378 F. Supp. 2d 632, 634 & n.2 (M.D.N.C. 2005) (finding that transfer would not further the interest of justice). Accordingly, the court dismisses plaintiffs' action without prejudice for improper venue. See 28 U.S.C. § 1406(a).

In sum, plaintiffs' complaint is DISMISSED without prejudice for improper venue. Defendant's motion to dismiss [D.E. 15] is DENIED AS MOOT.

SO ORDERED. This 30 day of September 2011.

JAMES C. DEVER III
United States District Judge